IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SWANSON GROUP, INC., Plaintiff, | ) | |
| v. | ) | No. 05-179C (Judge Hewitt) |
| THE UNITED STATES, Defendant. | ) | |

**PLAINTIFF'S MOTION TO TRANSFER AND CONSOLIDATE**

Pursuant to Rule 42(a) of the Rules of the Court of Federal Claims (RCFC), plaintiff Swanson Group, Inc. respectfully requests that the Court transfer the instant case to Judge Williams for consolidation with Blue Lake Forest Products Inc. v. United States, CoFC No. 01-570C (lead case), Timber Products Co. v. United States, CoFC No. 01-627C, and CLR Timber Holdings, Inc. v. United States, CoFC No. 04-501C, which are all consolidated and currently pending before Judge Williams.[1] Plaintiff makes this request in order to avoid unnecessary costs, duplication of effort, delay, and to ensure consistent application of the law to cases that involve primarily the same facts and legal issues.[2] Counsel for defendant has stated that defendant will oppose this motion.

[1] A courtesy copy of this motion is being provided to Judge Williams.

[2] On January 31, 2005, pursuant to RCFC 40.2(b), plaintiff filed a Notice of Indirectly Related cases in Blue Lake notifying Judge Williams of the common facts and legal issues involved in the instant Swanson Group case and the Blue Lake, Timber Products and CLR cases.

Consolidating the instant Swanson Group case with the Blue Lake, Timber Products and CLR cases now pending before Judge Williams will promote judicial efficiency and ensure consistent application of the law because of the substantial overlap in common issues of fact and law among all four cases. See, e.g., Karuk Tribe of California v. United States, 27 Fed. Cl. 429, 433 (1993) (a primary objective of consolidation is to prevent separate actions from producing conflicting results, which can occur when cases require judicial determinations of the same facts).

All four cases involve allegations that the United States Forest Service wrongfully suspended and delayed certain timber sales on national forests within the area governed by the Forest Service's Northwest Forest Plan. The Forest Service's suspensions of these sales all occurred in the wake of an injunction issued by the United States District Court for the Western District of Washington in Oregon Natural Resources Council Action v. United States Forest Service, 59 F. Supp.2d 1085 (W.D. Wash. 1999) (ONRC Action). All four timber sale contracts are on the same Forest Service standard 2400-6(T) type form and involve identical or virtually identical contract clauses. Also, the key issue of Forest Service liability is identical in all four cases. Although there are some differences in the elements of damages among all four cases, there are many common types of damages alleged, involving the same legal theories. Further, the adjudication of liability and damages has been bifurcated in the Blue Lake cases which are now focused on resolution of the issue of liability. Additionally, Blue Lake, Timber Products, CLR and Swanson Group are all represented by the same undersigned counsel of record.

The government has filed answers to the complaints in the Blue Lake, Timber Products and CLR cases and discovery in those cases is well underway. Much of this discovery also applies directly to the key issue of Forest Service liability in the instant Swanson Group case and will not have to be repeated if the Court grants this motion. Transfer and consolidation of the instant case with the Blue Lake, Timber Products and CLR cases will be the most efficient manner of proceeding for both Swanson Group and the government and will not cause any delay.

Whether all four cases are resolved on cross-motions for summary judgment or go to trial, the evidence in these cases will overlap substantially and involve many of the same events, witnesses and documents. In all four cases the key issue of Forest Service liability focuses on the Forest Service's interpretation of certain of the wildlife and plant survey requirements mandated by the Northwest Forest Plan. The primary question is whether the Forest Service violated its implied duties to cooperate and not to hinder each plaintiff's contract performance by suspending each sale in order to perform these surveys. In ONRC Action the district court determined that the Northwest Forest Plan obviously required these surveys and that the Forest Service's failure to comply with the Plan was arbitrary, capricious and contrary to law. 59 F. Supp.2d at 1091-95, 1096-97.

There have been numerous discovery disputes over the past 18 months involving various questions of relevancy and claims of privilege pertaining to the Forest Service's controversial interpretation of the Northwest Forest Plan in the consolidated Blue Lake, Timber Products and CLR cases. The parties have briefed these discovery issues extensively and argued them before

Judge Williams who has ruled and is currently in the process of ruling on the remaining discovery disputes after multiple hearings. These discovery disputes will not have to be relitigated in the instant Swanson Group case if that case is consolidated with the Blue Lake cases.

It would be a needless duplication of judicial resources and an unnecessary cost to both the Swanson Group and the government if the same key issue of liability, involving the same events, witnesses and documents, was to be tried before a different judge of this Court. Consequently, consolidation of the instant Swanson Group case with the Blue Lake cases would promote judicial efficiency, ensure consistent application of the law and avoid duplication of effort by the parties and the Court.

For each of the foregoing reasons, plaintiff respectfully requests that the Court grant this motion and transfer the instant Swanson Group case to Judge Williams.

Respectfully submitted,

s/Gary G. Stevens

SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

OF COUNSEL:

Alan I. Saltman
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: May 6, 2005