IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SWANSON GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-179C |
| v. | ) | (Judge Hewitt) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO TRANSFER AND SUGGESTION FOR CONSOLIDATION

Pursuant to Rule 7.2(a) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits its opposition to plaintiff Swanson Group Incorporated's ("Swanson") motion to transfer and consolidate this case (number 05-179C) with case numbers 01-570C, Blue Lake Forest Products, Inc. v. United States; 01-627C, Timber Products Co. v. United States; and 04-501C, CLR Timber Holdings, Inc. v. United States, all of which are currently pending before Judge Williams. We oppose plaintiff's motion for the reasons discussed below.

DEFENDANT'S BRIEF

On May 6, 2005, Swanson filed a motion to transfer and consolidate this case, number 05-179C, with case numbers 01-570C, Blue Lake Forest Products, Inc. v. United States ("Blue Lake"); 01-627C, Timber Products Co. v. United States ("Timber Products"); and 04-501C, CLR Timber Holdings, Inc. v. United States ("CLR"). We oppose this motion.

Pursuant to RCFC 42(a), consolidation of actions is appropriate where the actions involve a common question of law or fact. RCFC 42(a). However, "[t]he appropriateness of consolidating claims depends on whether the interest of judicial economy outweighs the

potential for delay, confusion, and prejudice that may result from consolidation." Karuk Tribe of California v. United States, 27 Fed. Cl. 429, 433 (1993) (citing Bank of Montreal v. Eagle Assocs., 117 F.R.D. 530, 532 (S.D.N.Y. 1987)). A party moving for consolidation must bear the burden of showing the commonality of factual and legal issues in different actions. In re Repetitive Stress Injury Litigation v. Nat'l Semiconductor Corp. et. al, 11 F.3d 368, 373 (2d Cir.) (citing MacAlister v. Guterma, 263 F.2d 65, 70 (2d Cir.1958)).

Plaintiff asserts that the United States Forest Service ("USFS") wrongfully suspended and delayed certain timber sales ("sales") on national forests within the area governed by the USFS Northwest Forest Plan. Pl's Mot. at 2. Plaintiff states that the suspensions of the sales all occurred in the wake of an injunction issued by the United States District Court for the Western District of Washington in Oregon Natural Resources Council Action v. United States Forest Service, 59 F. Supp. 2d 1085 (W.D. Wash. 1999) ("ONRC"). Pl's Mot. at 2.

Defendant agrees that the four cases involve allegations that the United States Forest Service wrongfully suspended and delayed certain sales on national forests within the area governed by the Forest Service's Northwest Forest Plan. Pl's Mot. at 2. We also agree that the injunctions issued as a result of the ONRC litigation served as the catalyst for the suspension of these timber contracts. Beyond that, however, there are no factual similarities significant enough to justify transfer and consolidation of this case. In fact, all actions taken by the USFS subsequent to the ONRC litigation with respect to the sales involved in Blue Lake, Timber Products, CLR and Swanson necessarily differed because they were tailored to each sale and its surrounding circumstances.

We do not agree, as plaintiff states, that "the key issue of Forest Service liability is identical in all four cases." Pl's Mot. at 2. Whereas the sales in all of the cases were initially suspended due to the district court's August 2, 1999 decision in ONRC, subsequent lawsuits and natural wildfire occurrences took each sale along separate paths. These surrounding circumstances contributed to each sale's continued suspension, suspensions that lasted for differing amounts of time and for differing reasons. Those differences also contributed to the removal of the suspensions and the completion of the Prairie Thin sale, which is the timber contract sale at issue in this case. The sales at issue in Blue Lake, Timber Products, and CLR, on the other hand, have yet to be completed.

The initial suspension, which was caused by the ONRC litigation, is only one of many legal issues present in this case. In its motion to consolidate Swanson's Prairie Thin timber sale with the Blue Lake, Timber Products, CLR sales, plaintiff asserts that the only salient and necessary fact controlling these cases is the decision rendered in the ONRC litigation. This approach is an oversimplification of both the factual and legal issues involved in this and the other cases. This Court has previously found that the Government's failure to comply with statutory environmental requirements may qualify as a breach, but only if the Court concluded after consideration of other relevant facts that the Forest Service did not act reasonably in carrying out its obligations**.** Scott Timber Company v. United States, 333 F.3d 1358 (Fed. Cir. 2003); H.N Wood Products v. Unites Stated, 59 Fed. Cl. 479 (2003). Thus, the question of whether the Forest Service "acted reasonably" is a necessary part of the Court's analysis in determining whether the failure to comply with statutory requirements prior to soliciting bids constitutes a breach.

In addition to determining whether the USFS had the authority to suspend the sales pursuant to contract language, the Court must consider whether the suspension itself and the duration of the suspension was reasonable. The answer to these questions requires the analysis of the individual circumstances surrounding each sale. In the case of the Prairie Thin sale versus the sales at issue in the other three cases, those surrounding circumstances greatly differ. For example, the Prairie Thin timber sale was affected by subsequent litigation that had no effect on any of the sales at issue in Blue Lake, Timber Products or CLR. Another example is CLR's "Too Wild" timber sale, which in 2002 was 90 percent burned during Oregon State's worst recorded wildfire event, the Biscuit Fire. Subsequent to this fire, the parties executed a catastrophic modification. Thus, events that occurred after the ONRC action are critical in analyzing and determining whether the Forest Service acted reasonably in its suspension and whether the period of suspension was reasonable. These subsequent actions in Swanson's Prairie Thin sale differ from those in the other three cases and require a separate factual inquiry. A-1 Cigarette Vending Inc. v. United States, 40 Fed. Cl. 643, 644 (1998) (holding that the necessity of conducting plaintiff-specific findings in both the liability and damages phases of a regulatory takings claim rendered inappropriate the large, multi-party case contemplated by the plaintiffs).

Further, the issues of whether the suspensions themselves and their duration were reasonable are issues of liability and not damages, as plaintiff indicates in its motion. We do not agree with plaintiff that there are simply "some differences in the elements of damages among all four cases." More accurately stated, the only common legal issue these cases share is whether the USFS had the contractual authority to suspend timber sale contracts when instructed to do so

by the district court in the ONRC litigation. One common legal issue is not a substantial enough commonality to justify transferring and consolidating this case with cases that have been in litigation for quite some time. Moreover, its not a novel legal issue in the sense that the Federal Circuit has examined similar questions of law in Scott Timber, 333 F.3d at 1361 (holding that the Forest Service was expressly authorized to suspend operations under timber sale contracts with contract clause C6.01, which provided that the purchaser agrees to interrupt or delay operations under the contract at the request of a contracting officer to comply with a court order, issued by a court of competent jurisdiction, contractor and which limited the purchasers remedies).

With regard to discovery, Swanson states in its motion that "discovery in [Blue Lake, Timber Products, and CLR] is well under way." Pl's Mot. at 3. We agree. The parties in those cases have been engaged in discovery for at least three years, are currently in the midst of fact discovery, have taken several depositions, and anticipate that discovery will continue for several months. Swanson alleges much of this discovery also applies directly to the key issue of the Government's liability in this case. Yet again, we must stress that the only similarity is the initial issue of law, and not fact, of whether the Government had the contractual authority to suspend the timber sale contracts in light of the ONRC injunction. With respect to whether the suspensions and their duration were reasonable, the similarities between the cases begins to dwindle.

As stated before, the Prairie Thin sale was affected by additional litigation, not to mention the fact that the location of the Prairie Thin sale necessarily had an impact upon how long the suspension was maintained. No discovery has been conducted on these issues with

respect to the Prairie Thin sale. Again, simply because the parties have conducted discovery on one legal issue does not constitute justification for transferring and consolidating this case.

Further, plaintiff asserts that there have been numerous discovery disputes over the past 18 months involving questions of relevancy and claims of privilege regarding the USFS interpretation of the Northwest Forest Plan. Swanson indicates that these issues would somehow need to be relitigated in this case. We disagree. If Judge Williams rules that certain discovery is relevant to the issue or that the Government waived a privilege, then those rulings would apply in this case as well. Further, if Judge Williams rules against the Government on the discovery issues, then counsel for Swanson would already have the discovery in its possession, as they are also counsel for Blue Lake, Timber Products, and CLR.

Finally, consolidation of this recently-filed case, in which an answer has not yet been filed, would not serve judicial economy and would severely prejudice the Government's defense of plaintiff's claims at trial. Entergy Nuclear Indian Point 2, LLC v. United States, 62 Fed. Cl. 798, 803 (2004) (finding that the strongest factor weighing against consolidation was the divergent procedural posture of the cases). Consolidation of these cases, at best, would cause delay in the other three cases. The Blue Lake and Timber Products cases, which have been active the longest, are being handled by a completely different region of USFS than the Prairie Thin sale. Agency counsel is currently doing its best to compile the documents necessary to the litigation and defense of this case. To thrust this case, which was filed barely five months ago, into fast track litigation with cases that have been in litigation for four years would severely prejudice the Government.

CONCLUSION

For these reasons, defendant respectfully requests that plaintiff's suggestion to consolidate be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

OF COUNSEL:
MARCUS R. WAH
Associate Regional Attorney
USDA-OGC, Pacific Region

s/Lindsay E. Williams
LINDSAY E. WILLIAMS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 353-7995
Fax: (202) 514-8624

May 23, 2005

Attorneys for Defendant