# In the United States Court of Federal Claims

No. 05-179 C

(E-Filed: June 13, 2005)

SWANSON GROUP, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

ORDER

Before the court is Plaintiff's Motion to Transfer and Consolidate (Pl.'s Mot.).[1] "[T]o avoid unnecessary costs, duplication of effort, delay, and to ensure consistent application of the law to cases that involve primarily the same facts and legal issues," plaintiff moves for a transfer of this case to Judge Williams for consolidation with the currently consolidated cases Blue Lake Forest Products, Inc. v. United States, No. 01-570 C, Timber Products Co. v. United States, No. 01-627 C, and CLR Timber Holdings, Inc. v. United States, No. 04-501 C. Pl.'s Mot. at 1. Plaintiff states that this case and the cases consolidated with Blue Lake Forest Products involve allegations that, after the United States District Court for the Western District of Washington issued an injunction in Oregon Natural Resources Council Action v. United States Forest Service, 59 F. Supp. 2d 1085 (W.D. Wash. 1999) (ONRC action), "the United States Forest Service wrongfully suspended and delayed certain timber sales on national forests within the area governed by the Forest Service's Northwest Forest Plan," Pl.'s Mot. at 2. Plaintiff

[1] Also before the court are Defendant's Opposition to Plaintiff's Motion to Transfer and Suggestion for Consolidation (Def.'s Opp.) and Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Transfer and Consolidate (Pl.'s Reply).

argues that a transfer of this case would be the most efficient manner of proceeding in this action because all of the contracts "involve identical or virtually identical contract clauses," the issue of the Forest Service's liability "is identical," and the plaintiffs in the four cases "are all represented by the same undersigned counsel of record." Id. at 2-3.

Plaintiff concedes, however, that there are "some differences in the elements of damages among all four cases" and that, unlike here, discovery is "well underway" in the consolidated Blue Lake Forest Products cases. Id. at 2-3.

Defendant opposes the motion to transfer. Def.'s Opp. at 1. Defendant asserts that "there are no factual similarities significant enough to justify transfer and consolidation of this case." Id. at 2. Defendant acknowledges that this case and the cases consolidated with Blue Lake Forest Products "involve allegations that the United States Forest Service wrongfully suspended and delayed certain timber sales on national forests within the area governed by the Forest Service's Northwest Forest Plan," Def.'s Opp. at 2 (citing Pl.'s Mot. at 2), and that the injunction issued in the ONRC action "served as a catalyst for the suspension of the timber contracts," id. Defendant argues, however, that the actions of the Forest Service following the ONRC action differed with respect to the four timber contracts "because [the actions of the Forest Service] were tailored to each [contract] sale and its surrounding circumstances." Id.

Defendant also argues that the initial suspension of the timber contracts caused by the ONRC action is "only one of many legal issues present in this case," id. at 3, and that the existence of one common legal issue "is not substantial enough commonality" to warrant the requested transfer, id. at 5. Defendant asserts that, in this case, the court must determine not only whether the Forest Service had authority to suspend the sales under the contract language in this case, the same legal issue presented in Blue Lake Forest Products consolidated cases, but must consider also whether the suspension itself and the duration of the suspension were reasonable under the factual circumstances of the case. Id. at 3-4. Because the court must examine the particular facts of this case, defendant contends that a transfer of this case for consolidation with cases that have been in litigation for some time "would not serve [the interests of judicial economy." Id. at 5-6.

Rule 40.1(b) of the Court of Federal Claims (RCFC) provides that the transfer of a case for consolidation with other proceedings may be proper "[t]o promote docket efficiency, to conform to the requirements of any case management plan, or for the efficient administration of justice." RCFC 40.1(b). Rule 42(a) provides that consolidation of actions may be proper "[w]hen actions involving a common question of law or fact are pending before the court" and the court might avoid "unnecessary costs or delay" by consolidating the proceedings. RCFC 42(a).

The court is not persuaded that the transfer of this case, which was filed less than six months ago, for consolidation with cases that have been in litigation for four years is likely to avoid delay. As the parties agree in their briefing, discovery in the consolidated cases is "well under way." Pl.'s Mot. at 3; Def.'s Opp. at 5. Moreover, the facts of this case are distinguishable from the consolidated cases in the important respect that the timber sale is now complete in this case but still incomplete in the consolidated cases. See Pl.'s Reply at 10. Although the counsel of record for plaintiff in this case is the same counsel of record in the consolidated cases, see Pl.'s Mot. at 2, counsel of record for defendant is different in this case from counsel in the consolidated cases, compare Def.'s Opp. at 7 with Docket Sheet for Blue Lake Forest v. United States, Case No. 01-570 C, Docket Sheet for MCW Timber v. United States, Case No. 01-627 C, and Docket Sheet for MCW CLR Timber Holdings, Inc. v. United States, Case No. 04-501 C. Based on the different procedural posture of the cases and the difference in legal and factual issues, the potential for causing delay appears to be substantial if the court were to permit the transfer. The court does not find that a transfer is warranted in these circumstances. See Entergy Nuclear Indian Point 2, L.L.C. v. United States, 62 Fed. Cl. 798, 803 (2004) (concluding that "[t]he strongest factor weighing against consolidation at this juncture is the divergent procedural posture of the cases"); Karuk Tribe of Cal. v. United States, 27 Fed. Cl. 429, 433 (1993) (citing Bank of Montreal v. Eagle Assocs., 117 F.R.D. 530, 532 (S.D.N.Y. 1987)) ("The appropriateness of consolidating claims depends on whether the interest of judicial economy outweighs the potential for delay, confusion, and prejudice that may result from consolidation."). For the foregoing reasons, the court DENIES plaintiff's motion.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge