IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SWANSON GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-179C |
| v. | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1. The allegations contained in paragraph 1 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Admits.

3. Admits.

4. The allegations contained in paragraph 4 are conclusions of law for which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 6.

7. Admits the allegation contained in paragraph 7 that plaintiff submitted a letter to the contracting officer on July 12, 2004. The allegation that the letter was "a properly certified

claim" is a conclusion of law to which no answer is required; to the extent that it may be deemed an allegation of fact, it is denied. Admits the remaining allegations contained in paragraph 7 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 11.

12. Denies.

13. The allegations contained in paragraph 13 are conclusions of law for which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

14. Denies the allegations contained in paragraph 14 for lack of knowledge and information sufficient to form a belief as to their truth.

15. Admits the allegations contained in paragraph 15 to the extent supported by the district court case cited, which is the best evidence of its contents; otherwise denies all other

allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the district court case cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 16.

17. Admits the allegation contained in paragraph 17 that on August 31, 1999, the Forest Services advised Swanson that the Forest Service would not approve any plan of operations for the Prairie Thin sale while the injunction remained in force. The remaining allegations contained in paragraph 17 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. Admits that plaintiff did not begin harvesting the Prairie Thin sale following the district court's decision in Oregon Natural Resources Council Action v. U.S. Forest Service and Bureau of Land Management, 50 F. Supp 1085, No. C98-942WD (ONRC I). Denies the remaining allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Admits the allegations contained in paragraph 19 to the extent they are supported by the document cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 19.

20. The allegations contained in the first sentence of paragraph 20 are conclusions of law for which no answer is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 20 to the extent they are supported by the document cited, which is the best of evidence of its contents. Admits to the allegation contained in the third sentence of paragraph 20. Denies all remaining

allegations contained in paragraph 20.

21. Admits.

22. Denies the allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. Admits the allegations contained in paragraph 23 that due to the suspension pursuant to CT6.01, plaintiff was unable to remove any timber from the sale. Denies the remaining allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Denies the allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Admits the allegations contained in the first and second sentence of paragraph 25. Denies the allegations contained in the third and fourth sentences of paragraph 25. The allegations contained in the fifth sentence of paragraph 25 are conclusions of law for which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Avers that restoration of the downpayment was June 23, 2003. Avers that plaintiff has failed to provide receipts or other documentation corroborating its interest claim of $2,288.67.

26. Admits the allegations contained in the first and second sentences contained in paragraph 26. Denies the allegations contained in the third sentence of paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the fourth sentence of paragraph 26 is a conclusion of law to which no answer is required, to the extent they may be deemed allegations of fact, they are denied. Avers that plaintiff has not provided receipts or other documentation corroborating its bond claim of $837.39.

27. Denies the allegations contained in the first sentence of paragraph 27 for lack of

knowledge or information sufficient to form a belief as to their truth. The allegation contained in the second sentence of paragraph 27 is a conclusion of law to which no answer is required; to the extent it may deemed an allegation of fact, it is denied.

28. The allegations contained in paragraph 28 are conclusions of law to which no answer is required; to the extent they may deemed an allegations of fact, they are denied.

29. Defendant's responses to paragraphs 1 through 28 are incorporated by reference.

30. The allegations contained in paragraph 30 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

31. Defendant's responses to paragraphs 1 through 28 are incorporated by reference.

32. The allegations contained in paragraph 32 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

33. Defendant's responses to paragraphs 1 through 28 are incorporated by reference.

34. The allegations contained in paragraph 34 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

35. Defendant's responses to paragraphs 1 through 28 are incorporated by reference.

36. The allegations contained in paragraph 36 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

37. Denies.

38. The allegations contained in paragraph 38 are conclusions of law and plaintiff's

characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

39. Defendant's responses to paragraphs 1 through 28 are incorporated by reference.

40. The allegations contained in paragraph 40 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

41. Admits the allegations contained in the first sentence of paragraph 41. The allegations contained in the second sentence of paragraph 41 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

42. The allegations contained in paragraph 42 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

43. Defendant's responses to paragraphs 1 through 28 are incorporated by reference.

44. The allegations contained in paragraph 44 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

45. Denies the allegations contained in the first sentence of paragraph 45 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the second sentence of paragraph 45 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

46. Denies that plaintiff is entitled to the relief requested under the title

"WHEREFORE" in its entirety or to any relief whatsoever.

47. Denies each and every allegation not previously admitted or otherwise qualified.

DEFENDANT'S AFFIRMATIVE DEFENSES

48. Plaintiff's claims are barred by the affirmative defense of assumption of risk.

49. Plaintiff's claims are barred by the affirmative defense of waiver.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/ Lindsay Williams
LINDSAY WILLIAMS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Phone: (202) 353-7995
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:
MARCUS WAH
Associate Regional Attorney
USDA-OGC, Pacific Region
1734 Federal Building
1220 S.W. Third Ave.
Portland, OR 97204-2825

June 27, 2005