IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SWANSON GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-179C |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to the Rule 16 and Appendix A (II & III) of the United States Court of Federal Claims ("RCFC"), the parties, Swanson Group, Inc. ("Swanson") and the United States, respectfully submit this Joint Preliminary Status Report:

a. Jurisdiction

Plaintiff, Swanson Group, Inc., asserts jurisdiction pursuant to 28 U.S.C. § 1491. At this time, the United States is not aware of any reason why the Court would not possess jurisdiction.

b. Should the case be consolidated with any other case?

The Court addressed this issue in its June 13, 2005 order denying transfer and consolidation.

c. Should trial of liability and damages be bifurcated?

Plaintiff believes that the issues with regard to liability and damages are sufficiently discrete that they should not be addressed together, and once the question of liability has been resolved, the parties may be able to resolve the damages issues without further trial proceedings.

Assuming the case is tried, defendant believes that trial of liability and damages should not be bifurcated.

d. Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal?

Plaintiff recommends that further proceedings in this case be deferred pending completion of discovery on liability in Blue Lake Forest Products et al. v. United States, No. 01-570C, now pending before Judge Williams.[1] Plaintiff believes that Blue Lake, like the instant case, involves the suspension of a Forest Service timber sale in the wake of the decision in Oregon National Resource Council Action v. Dombeck, 59 F. Supp. 2d 1085 (W.D. Wash. 1999) ("ONRC Action"), and the Forest Service's failure to perform certain required wildlife and plant surveys prior to awarding the timber sale. Plaintiff interprets the ONRC Action decision (59 F. Supp.2d 1085, 1091-97) to have found the Forest Service's interpretation to be arbitrary, capricious and contrary to law. Discovery, which plaintiff characterizes as being focused on the reasonableness of the Forest Service's interpretation of the Northwest Forest Plan's survey requirements, its decision to make contract awards without having performed surveys, and its policies in light of the ONRC Action litigation, is well underway in Blue Lake. Plaintiff believes the Blue Lake discovery will involve precisely the same individuals, documents and facts at issue on these points in the instant case. Plaintiff contends that if it is established that the Forest Service's interpretation of the survey requirements was not reasonable, then the Forest Service's suspension of plaintiff's timber sale, whether under clause C6.01 or not, constitutes a breach of contract. Plaintiff's counsel, who is also counsel in Blue Lake anticipates that discovery on liability in Blue Lake should be completed in the near future as soon as the Court in

[1] Blue Lake Forest Products, Inc. et al v. United States, (No. 01-570C), is the lead case for the cases with which it is currently consolidated, Timber Products Co. v. United States, No. 01-627C, and CLR Timber Holdings, Inc. v. United States, No. 04-501C.

Blue Lake issues its final rulings on several pending discovery disputes between the parties and depositions have been completed.

Plaintiff believes that staying proceedings in the instant case until discovery on the issue of liability in Blue Lake is concluded will avoid considerable unnecessary duplication of effort by both parties in this action and will simplify and reduce the discovery required in the instant case.

The United States does not believe further proceedings in this case should be deferred pending consideration of Blue Lake or any other case. Defendant agree that discovery in Blue Lake is well underway. Defendant, however, characterizes that discovery as being focused upon the reasonableness of the Bureau of Land Management's (BLM) and the Forest Service's November 1, 1996 directive interpreting the survey and manage requirements of the Northwest Forest Plan and the reaffirmation of that directive in a September 11, 1998 instructional memorandum.

As we stated in our opposition to plaintiff’s motion to consolidate, the initial suspension, which was caused by the ONRC litigation, is only one of many legal issues present in this case. To determine liability, the Court must consider whether the Forest Service had the authority to suspend the sale pursuant to contract language, and also whether the suspension itself and the duration of the suspension was reasonable. Defendant believes that this Court has previously found that the Government’s failure to comply with statutory environmental requirements may qualify as a breach, but only if the Court concluded after consideration of other relevant facts that the Forest Service did not act reasonably in carrying out its obligations. Scott Timber Company v. United States, 333 F.3d 1358 (Fed. Cir. 2003); H.N Wood Products v. Unites

Stated, 59 Fed. Cl. 479 (2003).[2] The answer to these questions requires the analysis of the individual circumstances surrounding each individual sale.

Plaintiff alleged in its motion to consolidate that much of the discovery in Blue Lake also applies directly to the key issue of the Government's liability in this case. Yet, as we stressed in our opposition and continue to stress, the only similarity is the initial issue of law, and not fact, of whether the Government had the contractual authority to suspend the timber sale contracts in light of the ONRC injunction. With respect to whether the suspensions and their duration were reasonable, and, if applicable, whether plaintiff can establish damages owed to it as a result of the suspensions, the similarities between the cases and the discovery begin to diverge.

Additionally, it is questionable that discovery in Blue Lake will conclude in the near future. As we acknowledged in our opposition to plaintiff's motion to consolidate, the parties in those cases have been engaged in discovery for at least three years, are currently in the midst of fact discovery, have taken several depositions, and anticipate that discovery will continue for several months. They have, however, also been engaged in several complex discovery disputes for almost a year now. There is certainly no guarantee that those disputes will be resolved in the near future. As such, we see no reason to suspend discovery in this case pending the outcome of the Court's decision regarding the discovery in Blue Lake.

e. In cases other than tax refund actions, will a remand or suspension be sought?

The parties agree that no remand or suspension will be sought.

f. Will additional parties be joined?

Neither party intends to join additional parties.

---

[2] Plaintiff disputes this interpretation of Scott Timber.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12©) or 56 and, if so, a schedule for the intended filing?

Both parties reserve the right to file a dispositive motion before or shortly after the completion of discovery.

h. What are the relevant factual and legal issues?

Plaintiff's Issues:

(1) Whether the United States Forest Service breached the Prairie Thin timber sale contract by suspending that contract.

(2) Whether the suspension of the Prairie Thin timber sale contract was unreasonable as to cause and/or duration.

(3) Whether the Forest Service breached an alleged warranty under clause CT6.25 (1/93) of the Prairie Thin timber sale contract.

(4) In the alternative, assuming that the Forest Service's suspension of the Prairie Thin contract was not a breach, did the Forest Service breach the contract by failing to pay Swanson certain out-of-pocket costs within the scope of contract clause CT6.01 (1/93)?

(5) What damages, if any, is plaintiff entitled to as a result of the Forest Service's suspension of the Prairie Thin timber sale contract?

Defendant's Issues:

(1) Whether the United States Forest Service breached plaintiff's Prairie Thin timber sale contract by temporarily suspending felling operations under the contract from August 31, 1999 to June 9, 2003, pursuant to clause C6.01 of the contract.

(2) Even though the Forest Service's temporary suspension was based upon

contract clause C6.01, did the Forest Service nonetheless breach any implied duties to cooperate and not to hinder plaintiffs' performance and/or breach an implied warranty under C6.25, if such a warranty exists.

(3) What damages, if any, is plaintiff entitled to as a result of the Forest Service's temporary suspension of felling operations from August 31, 1999 to June 9, 2003.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated ?

The parties intend to make every effort to resolve this case amicably. At this point alternative dispute resolution is not contemplated, but the parties will continue to consider this option throughout the litigation. If deemed warranted, the parties will pursue settlement negotiations as the litigation progresses.

j. Do the parties anticipate proceeding to trial?

If this case cannot be resolved through settlement or dispositive motions, the parties anticipate that they will proceed to trial. Neither party requests an expedited trial schedule. If a trial is required, the parties believe that it should be held at a location that is most convenient for the witnesses and the Court. The parties will work together to determine what that location will be.

k. Are there special issues regarding electronic case management needs?

There are no special issues regarding electronic case management needs.

l. Is there other information of which the Court should be aware at this time?

The parties are unaware of any such additional information.

m. Joint Proposed Scheduling Plan

Plaintiff proposes that discovery in this case be stayed pending the Court's decision on the issue of liability in Blue Lake as discussed in paragraph d above, in the alternative if damages and liability are to be tried together plaintiff proposes that discovery continue until September 22, 2006.

Defendant proposes that discovery in this case begin as of the date of this joint preliminary status report and continue until June 22, 2006.

Respectfully submitted,

s/Gary G. Stevens
GARY G. STEVENS
Saltman & Stevens P.C.
1801 K Street, NW Suite M110
Washington, D.C. 20006
Phone: (202) 452-2140
Fax: (202) 775-8217

Attorney for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

OF COUNSEL:
MARCUS R. WAH
Associate Regional Attorney
USDA-OGC, Pacific Region

s/Lindsay E. Williams
LINDSAY E. WILLIAMS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 353-7995
Fax: (202) 514-8624

September 22, 2005

Attorneys for Defendant